IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL A. FISHER,

    Plaintiff,

                              Case No. 2:17-cv-206
                              Chief Judge Edmund A. Sargus, Jr.
    v.                        Magistrate Judge Elizabeth P. Deavers

CHAPLIN EMMANUAL SAMUTHRAM,
*et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's failure to confirm his most recent address and the Court's January 12, 2018, Show Cause Order. For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On March 13, 2017, the Court granted Plaintiff's request to proceed *in forma pauperis* and filed his Complaint. (ECF Nos. 3, 4.) Plaintiff later moved to withdraw his claims against Defendant Emmanual Samuthram (ECF No. 11), which the Court granted on December 11, 2017. (ECF Nos. 13, 14.) The Court's Order was mailed to Plaintiff at the address listed on the docket at Madison Correctional Institution ("MaCI"), but was returned on December 27, 2017, as undeliverable with the notation, "INSUFFICIENT ADDRESS UNABLE TO FORWARD." (ECF No. 15.)

1

On December 28, 2017, the Court cautioned Plaintiff that he had an affirmative duty to notify the Court of any change in address. (ECF No. 16 at 1.) The Court directed Plaintiff to provide confirmation of his most recent address within fourteen (14) days of the date of the Order if he intended to proceed with the action. (*Id*. at 2.) The Court specifically cautioned Plaintiff that failure to do so would result in dismissal of the case for failure to prosecute. (*Id*.) Plaintiff did not provide confirmation of his most recent address or otherwise respond to the Order. On January 8, 2018, the Court's December 28, 2017, was returned as undeliverable with the notations "RETURN TO SENDER REFUSED UNABLE TO FORWARD" and "RTS Rel[.]" (ECF No. 17.)

On January 12, 2018, the Court noted Plaintiff's failure to update his address or respond to the December 28, 2017, Order. (ECF No. 18.) The Court therefore ordered Plaintiff to show cause within fourteen (14) days of the date of the Order why his claims should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Id*.) Plaintiff did not provide confirmation of his most recent address or otherwise respond to the January 12, 2017, Order. On January 25, 2018, the Court's Order (ECF No. 18), was returned as undeliverable with the notations "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD" and "RTS Released[.]" (ECF No. 19.)

## II.

Under the circumstances presented in the instant case, the Undersigned recommends that this action be dismissed without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco,*

*Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, the record demonstrates such delay and contumacious conduct. Although the Court ordered Plaintiff to provide confirmation of his most recent address by January 11, 2018, and specifically warned that failure to do so would result in dismissal of his action (ECF No. 16), Plaintiff failed to comply and failed to respond to the Order. On January 12, 2018, the Court nevertheless provided Plaintiff with another opportunity to explain why his claims should not be dismissed for failure to prosecute. (ECF No. 18.) These Orders (ECF Nos. 16, 18) provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to respond. Nevertheless, Plaintiff has failed to

3

provide his current address or otherwise respond to the Court's Orders. Because Plaintiff has missed deadlines and disregarded Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

### IV. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 2, 2018 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE